NEUWIRTH LAW OFFICE, LLC
By: Andrew T. Neuwirth, Esquire
PA Identification No.: 310079
2200 Renaissance Blvd., Suite 270
King of Prussia, PA 19406
Tel. No. (215) 259-3687
Fax No. (215) 253-5816
andrew@neuwirthlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL D. JACOBS and<br>RITA JACOBS, h/w<br>9019 TORRENCE CROSSING DRIVE<br>HUNTERSVILLE, NC 28078<br><br>v.<br><br>DANIELLE EICHELBERGER<br>1028 TIMBERIDGE LANE<br>ALLENTOWN, PA 18106 | CIVIL ACTION – LAW<br><br>NO. |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff Paul D. Jacobs (hereinafter referred to as "Plaintiff") is an adult individual, who resides at the above listed address and at all times relevant hereto, is the husband of Plaintiff Rita Jacobs.

2. Plaintiff Rita Jacobs (hereinafter referred to as "Plaintiff Rita Jacobs") is an adult individual, who resides at the above listed address and at all times relevant hereto, is the wife of Plaintiff Paul D. Jacobs.

3. Defendant Danielle Eichelberger (hereinafter referred to as "Defendant") is an adult individual who resides at the above listed address.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in the United States District Court for the Eastern District of Pennsylvania. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

   a. Plaintiffs are citizens of the State of North Carolina;
   b. Defendant is a citizen of the Commonwealth of Pennsylvania;
   c. The acts and omissions giving rise to this action occurred in Lehigh County, Pennsylvania;
   d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL AVERMENTS

5. This case involves a car crash which occurred on September 21, 2017, at approximately 11:45 a.m., in South Whitehall Township, Lehigh County, Pennsylvania.

6. At all times relevant hereto, Plaintiff Paul D. Jacobs was the driver of a 2017 Nissan Sentra vehicle.

7. At all times relevant hereto, Plaintiff Rita Jacobs was a front seat passenger in the vehicle, which was operated by her husband.

8. At all times relevant hereto, Defendant was the driver and owner of a 2015 Mitsubishi Outlander vehicle.

9. Plaintiff was operating his vehicle southbound on the Tilghman Street off ramp onto Route 309 South.

10. Defendant was operating her vehicle southbound on the Tilghman Street off ramp onto Route 309 South directly behind Plaintiffs' vehicle.

11. At the above date, time, and place, Defendant did not look and see the Plaintiffs' car stopped at the stop sign ahead of them. As a result, Defendant rear-ended Plaintiffs' vehicle.

12. Defendant struck Plaintiffs' car with a great impact causing significant damage to Defendant's vehicle and Plaintiffs' vehicle.

## COUNT I – NEGLIGENCE
## PLAINTIFF PAUL D. JACOBS v. DANIELLE EICHELBERGER

13. The preceding paragraphs are incorporated herein by reference as if fully set forth herein.

14. Defendant owed a legal duty to the Plaintiffs to not strike their car, while she was driving her car.

15. Defendant breached her duty of care to the Plaintiffs by disregarding the rules of the road, her legal obligations as a driver, and by striking Plaintiffs' vehicle.

16. As a direct result of Defendant's breach of her duty to Plaintiff Paul D. Jacobs, he suffered injuries and damages, as described below.

17. Defendant's negligence, carelessness, recklessness, and wanton disregard for the safety of the Plaintiffs was the direct, legal, and proximate cause of the Plaintiffs' resulting injuries, damages and/or losses, as more fully described herein below.

18. Defendant's negligence, carelessness, recklessness, and wanton disregard in causing the collision consisted of, but was not limited to:

    a. Failing to obey the instructions of any applicable official traffic-control device in violation of:

        i. 75 Pa. Cons. Stat. § 3111; and

        ii. 75 Pa. Cons. Stat. § 3323.

b. Failing to reduce speed, turn her vehicle or take any other evasive action in an attempt to avoid her vehicle colliding with Plaintiffs' vehicle, although she saw or should have seen Plaintiffs' vehicle had she not breached her duty of care;

c. Failing to have said motor vehicle under proper and adequate control at all relevant times;

d. Operating her vehicle at an excessive rate of speed under the circumstances and traffic conditions;

e. Striking Plaintiffs' vehicle;

f. Failing to maintain sufficient clear distance ahead to bring her vehicle to a stop without striking the Plaintiffs' vehicle;

g. Failing to be aware of traffic stopped ahead of her;

h. Failing to apply brakes in time to avoid striking the Plaintiffs' vehicle;

i. Failing to observe the traffic control device and abide by the traffic control device at the aforesaid location;

j. Failing to maintain an adequate lookout for other motor vehicles;

k. Operating said motor vehicle without due regard for the safety, rights and position of the Plaintiffs at the point of collision;

l. Failing to be aware that her actions endangered those around her;

m. Failing to maintain said vehicle and its component parts in excellent condition and proper working order;

n. Violating the local ordinances, laws, and statutes pertaining to the operation of motor vehicles on the roadways;

o. Violating a duty of care owed to the Plaintiffs.

19. As a direct and proximate result of the collision, Plaintiff Paul D. Jacobs suffered serious impairment of bodily functions, serious bodily injuries, requiring medical care and treatment, including but not limited to:

   a. Whiplash;

   b. Post-traumatic headaches;

   c. Permanent facial nerve palsy or twitch;

   d. Injury to the left dolichoectatic vertebral artery causing hemifacial spasms at neurocomplex 7 and 8;

   e. Injury to the functioning of the V4 vertebral artery;

   f. Injury to the functioning of the 7th cranial nerve;

   g. Vertebral artery compression syndrome;

   h. Pain to his spine, hips, and legs;

   i. Tinnitus aggravation;

   j. Cervical, thoracic, and/or lumbar strains and sprains;

   k. Cervical, thoracic, and/or lumbar radiculopathies;

   l. Pain including a severe shock to his nerves and nervous system and injury to his cervical, thoracic, and/or lumbar spine, and more particularly as detailed by his physicians, including neurological damage as well as physical pain;

   m. The need for rehabilitation of various parts of his body;

   n. The need for prescriptions of expensive medications to reduce nerve impulses;

   o. The need for multiple epidural steroid injections and medial branch block injections for pain in his neck;

    p. Such other pain, damages and losses as will be revealed in Plaintiff's medical records;

    q. Aggravations of asymptomatic pre-existing conditions listed above;

    r. Plaintiff has suffered and will continue to suffer in the future great pain and agony all of which appear to be permanent in nature.

20. As a direct result of the crash, Plaintiff has been unable to undertake his usual and customary duties and activities since the accident and believes that he will continue to suffer impairments and disabilities into the future.

21. As a direct result of the crash, Plaintiff has been forced to miss extended time from his usual activities.

22. As a further result of the crash, Plaintiff has undergone multiple epidural steroid injections for pain and may be obliged to receive and undergo reasonable and necessary medical treatments and rehabilitative services for the injuries he has suffered and to expend such sums or to incur such expenditures for an indefinite time in the future.

23. As a direct and proximate result of the tortious conduct of Defendant, Plaintiff has suffered and in the future will continue to suffer great pain, agony, and a diminution of his ability to enjoy life and life's pleasures, including but not limited to serious impairment of his bodily functions.

24. As further result of the tortious conduct of Defendant as described above, Plaintiff has been and will in the future be compelled to expend a large sum of money for physicians, surgery, imaging, tests, monitoring, physical therapy, and the like, in an effort to permanently and thoroughly cure himself of his injuries and/or suffering, which were brought about as a result of the incident.

25. As a further result of the tortious conduct of Defendant, Plaintiff has incurred in the past and will incur into the future other financial expenses or losses, which do or will exceed the amount which he may be otherwise entitled to recover.

26. As a further result of the tortious conduct of Defendant, Plaintiff has become unable to perform his usual and customary activities in the manner to which he was accustomed before this crash.

27. As further result of the tortious conduct of Defendant, Plaintiff has incurred in the past and may incur in the future other financial expenses or losses.

28. In addition to those harms and losses detailed above, Plaintiff has and continues to suffer past and future lost earnings and earning capacity.

29. Plaintiff has suffered past loss of regular wages, loss of over-time wages, and other losses, including future losses associated with future medical expenses and recovery.

30. All of Plaintiff's injuries, damages and losses may be permanent in nature.

**WHEREFORE**, Plaintiff Paul D. Jacobs respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Danielle Eichelberger in an amount in excess of $75,000.00 in compensatory, economic, non-economic damages, and punitive damages, in addition to interest, costs and other damages permitted by law.

<u>**COUNT II - NEGLIGENCE**</u>
<u>**PLAINTIFF RITA JACOBS v. DANIELLE EICHELBERGER**</u>
<u>**(Consortium Claim)**</u>

31. The preceding paragraphs are incorporated herein by reference as if fully set forth herein.

32. At all times relevant hereto, Plaintiffs were married, continue to be married, and reside together at the address listed above.

33. As a result of Defendant's negligence, Plaintiff Rita Jacobs was caused to suffer loss of consortium, loss of society, intimacy, affection and/or assistance of her husband, all to the detriment of their marriage.

**WHEREFORE**, Plaintiff Rita Jacobs requests this Honorable Court to enter judgment in her favor and against Defendant Danielle Eichelberger in an amount in excess of $75,000.00, in addition to any interest, costs, and delay damages.

## DEMAND FOR JURY TRIAL

34. Plaintiffs demand a jury trial as to all eligible issues triable by a jury.

NEUWIRTH LAW OFFICE, LLC

Date: 2\8\19

By: _____
Andrew T. Neuwirth
PA Attorney ID No. 310079
2200 Renaissance Blvd., Suite 270
King of Prussia, PA 19406
Tel. No. (215) 259-3687
Fax No. (215) 253-5816
andrew@neuwirthlaw.com
Attorney for Plaintiff(s)

## VERIFICATION

I, Andrew Neuwirth, Esq., am the attorney for the Plaintiffs in the attached Civil Action Complaint and hereby state that the averments made in the Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 2/8/19

NEUWIRTH LAW OFFICE, LLC

Andrew Neuwirth, Esquire
Attorney for Plaintiffs

## VERIFICATION

I, Paul D. Jacobs, hereby verify that I am the Plaintiff in the attached Complaint and that the information therein is based on information gathered by counsel in the course of this lawsuit, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 2-1-2019

Paul D. Jacobs

## VERIFICATION

I, Rita Jacobs, hereby verify that I am the Plaintiff in the attached Complaint and that the information therein is based on information gathered by counsel in the course of this lawsuit, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 2-1-2019

Rita Jacobs